## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Bryant Lutgens, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>County of Dakota, Loren Hanson, Jalen Sneddeker, Katherine Forbes, and Ken Rodning,<br><br>Defendants. | Court File No. _____<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Bryant Lutgens, individually and on behalf of all others similarly situated, challenges, on First Amendment grounds, forced religious indoctrination at the Dakota County jail. Defendants County of Dakota and Loren Hanson, Jalen Sneddeker, Katherine Forbes, and Ken Rodning permitted a pastor to preach, sing, or talk to inmates about religion, which took place in such a manner as to make it impossible for inmates to escape without facing punishment. "Forced inculcation . . . even by volunteer witnesses, . . . clearly contravene[s] the Free Exercise Clause of the Constitution." *Campbell v. Cauthron*, 623 F.2d 503, 509 (8th Cir. 1980).

### <u>JURISDICTION</u>

1.  This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the events giving rise to this action occurred

in this district and, on information and belief, Defendants reside in this
district.

**PARTIES**

2.     Plaintiff is an adult male who resides in Minnesota.

3.     Defendant County of Dakota is a political subdivision of the State
of Minnesota.  Dakota County employed Defendants Loren Hanson, Jalen
Sneddeker, Katherine Forbes, and Ken Rodning at all times relevant to this
action.  Dakota County is sued directly and also on the theories of respondeat
superior or vicarious liability and pursuant to Minn. Stat. § 466.02 for the
unlawful conduct of Loren Hanson, Jalen Sneddeker, Katherine Forbes, and
Ken Rodning.  Dakota County is the political subdivision charged with training
and supervising Loren Hanson, Jalen Sneddeker, Katherine Forbes, and Ken
Rodning.

4.     Defendants Loren Hanson, Jalen Sneddeker, Katherine Forbes,
and Ken Rodning are employees or officials of Dakota County (or were as of
February 27, 2018) whose acts or omissions resulted in Plaintiff and similarly
situated individuals experiencing forced religious indoctrination at the Dakota
County jail.

**FACTUAL ALLEGATIONS**

5.     Plaintiff and similarly situated individuals were incarcerated in the
Inmates Motivated to Change ("IMC") Unit at the Dakota County jail in
Hastings, Minnesota as of Tuesday, February 27, 2018.

2

6.    The IMC Unit is a two-level unit that wraps around a central area filled with benches, a rack of library books, vending machines, and a large television.

7.    Each of the small rooms in the IMC Unit house up to two inmates.

8.    Jeff Wynne, an ex-offender and a Dakota County Sheriff's Department volunteer, brought in a speaker – a pastor at Celebration Church in Lakeville, Minnesota – who preached, sang, or talked to Plaintiff and similarly situated individuals about religion.

9.    As Defendant Loren Hanson of the Dakota County Sheriff's Office stated in an email he sent on February 27, 2018, at 10:03 a.m. to Defendants Katherine Forbes and Ken Rodning, among others, "In the craziness that has been the norm around here, I totally forgot to let you know that Jeff W [sic] is coming in this afternoon with a couple guys to talk to just the imc [sic] unit.  .  .  . **Jose is a pastor** for Celebration Church's Latino community.  So Sorry for the late notice.  They will be in around 1315 hours.  Again, just the IMC unit."

10.    Defendants required that Plaintiff and similarly situated individuals attend this lecture, and the lecture took place in such a manner as to make it impossible for inmates to escape without facing punishment.

11.    One or more members of Dakota County's staff, including but not limited to Defendants Katherine Forbes and Ken Rodning (both of whom sat in on the pastor's presentation), knew the pastor from Celebration Church was preaching, singing, or talking to Plaintiff and similarly situated individuals about religion, and knew that Plaintiff and similarly situated individuals were

3

required to attend and could not leave without facing punishment, but did nothing to stop this forced religious indoctrination.

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on behalf of himself and on behalf of all individuals similarly situated.  The proposed class is defined as follows: all inmates incarcerated by Defendants in the IMC Unit as of February 27, 2018 who were subjected to forced religious indoctrination between 1:15 p.m. and 3:30 p.m. that day.

13.    This action is maintainable as a class action under the Federal Rules of Civil Procedure, Rule 23, because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defenses of the representative parties are typical of the claims or defenses of the class, and the representative parties will fairly and adequately protect the interests of the class.

14.    This action is also properly maintainable as a class action under Federal Rule of Civil Procedure 23(b), because questions of law or facts common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

15.    The members of the class identified above are so numerous that joinder of all members is impracticable.  The exact number of the class is unknown, but may be determined from records maintained by Dakota County.

Upon information and belief, there are more than 40 individuals who are members of the class.

16.     There are numerous and substantial questions of law and fact common to all of the members of the Class, including but not limited to whether Defendants violated the Free Exercise Clause of the Constitution by subjecting Plaintiff and similarly situated individuals to forced religious indoctrination.

17.     Defendants are expected to raise common defenses to this class action, including denial that its actions violated the law.

18.     The Named Plaintiff will fairly and adequately protect the interests of the Class, and he has retained counsel experienced and competent in the prosecution of complex litigation.

19.     The claims of the Named Plaintiff, set forth below, are typical of the claims of the Class.  The Named Plaintiff has the same interest and suffered from the same injury as the class members.  The Named Plaintiff and the class he seeks to represent were subjected to forced religious indoctrination.

20.     Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation while incarcerated.  However, if any such class member should become known, he or she may "opt out" of this action upon receipt of the class action notice pursuant to Federal Rules of Civil Procedure 23(c)(2)(B).

21.    Plaintiff is unaware of any other litigation concerning this controversy commenced by or for other class members.

22.    Litigation should be concentrated in this forum because the class members are or were incarcerated by Dakota County in Hastings, Minnesota, which is located within this forum.

23.    The Court has the resources and ability to effectively manage this class action.

**COUNT I**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AND FOURTEENTH AMENDMENTS – FREE EXERCISE CLAUSE**

24.    Plaintiff and class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

25.    Plaintiff and class members are members of a class that meets the requirements set forth in the Minnesota Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

26.    **"The Free Exercise Clause bars even 'subtle departures from neutrality' on matters of religion."** *Masterpiece Cakeshop, Ltd. v. Colorado Civ. Rights Commn.*, 138 S. Ct. 1719, 1731 (2018).

27.    The Free Exercise Clause of the First Amendment is operative against the States by virtue of the Fourteenth Amendment. *Engel v. Vitale*, 370 U.S. 421, 430, 443 (1962) (stating, in the concurring opinion of Justice Douglas, "By reason of the First Amendment government is commanded 'to have no interest in theology or ritual' . . . , for on those matters 'government must be neutral.'")

28.     Defendants violated the Free Exercise Clause by permitting a pastor to preach, sing, or talk to inmates about religion, which took place in such a manner as to make it impossible for inmates to escape without facing punishment.

29.     Defendants knew, or showed reckless disregard for, the fact that they violated the Free Exercise Clause.

## JURY DEMAND

30.     Plaintiff and class members demand a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, requests relief as follows:

1.     Enter judgment against Defendants for compensatory damages in an amount exceeding $75,000, exclusive of interest and costs, the exact amount to be proven at trial;

2.     Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

3.     Enter judgment against Defendants for punitive damages in an amount to be determined by the jury; and

4.     Grant such other relief as this Court deems just and equitable.

Dated:  September 10, 2018

_____

Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**